# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 22-10227 (JPS) |
| | ) | |
| PAUL RAYMOND LUCERO, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge: JESSICA E. PRICE SMITH |
| | ) | |
| KARI B. CONIGLIO, | ) | Adversary Proceeding No. |
| CHAPTER 7 TRUSTEE | ) | |
| 200 Public Square, Suite 1400 | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UPSTART NETWORK, INC. | ) | |
| Attention: Manager or Executive Officer | ) | |
| 2950 S. Delaware St., Suite 300 | ) | |
| San Mateo, CA 94403 | ) | |
| | ) | |
| CROSS RIVER BANK | ) | |
| Attention: Executive Officer | ) | |
| 885 Teaneck Road | ) | |
| Teaneck, NJ 07666 | ) | |
| | ) | |
| PAUL RAYMOND LUCERO | ) | |
| 122 Wheeling Avenue | ) | |
| Wellington, OH 44090 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT TO AVOID LIEN ON PERSONAL PROPERTY (2021 Jeep Renegade)
AS A PREFERENTIAL OR UNAUTHORIZED POST-PETITION TRANSFER, AND TO
DETERMINE VALIDITY, PRIORITY AND AMOUNT OF LIENS, OWNERSHIP AND
<u>CLAIMS TO PERSONAL PROPERTY</u>**

Plaintiff, Kari B. Coniglio, the Trustee in Bankruptcy for Paul Raymond Lucero, respectfully represents to the Court as follows:

1. This proceeding relates to the chapter 7 case of *In re Paul Raymond Lucero*, Case No.

22-10227 (JPS) pending in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division; and jurisdiction of this proceeding is vested in this Court by virtue of the provisions of 28 U.S.C. § 157 as enacted and effective on July 10, 1984, as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Local General Order No. 2012-7, entered on April 4, 2012 by the United States District Court for the Northern District of Ohio, and pursuant to 28 U.S.C. § 1334 as amended, in that the matters hereinafter alleged as the Complaint of Plaintiff are core proceedings within the core matter jurisdiction of this Court, relating among other things to the determination, avoidance and/or recovery of preferential transfers in accordance with 28 U.S.C. §§ 157(b)(2)(A), (F), (K), and (O), and with respect to which the Plaintiff consents to the entry of all final orders by the Bankruptcy Court.

2. On January 27, 2022 (the "Petition Date"), Paul Raymond Lucero, the Debtor and a Defendant herein (the "Debtor"), filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Ohio seeking relief under chapter 7 of title 11 of the United States Code (the "Debtor's Case").

3. The Plaintiff, Kari B. Coniglio, is the duly appointed and acting Trustee in Bankruptcy in the Debtor's Case (the "Plaintiff" or "Trustee").

## COUNT I:
### To Avoid Lien on Vehicle as Preferential Transfer

4. Plaintiff incorporates all of the averments of paragraphs 1 through 3 above as if fully rewritten herein.

5. As of the Petition Date, the Debtor owned a 2021 Jeep Renegade, vehicle identification number ZACNJDAB6MPM29795 (the "Vehicle"), which Vehicle constitutes property of the within bankruptcy estate pursuant to 11 U.S.C. § 541.

6. The Debtor purchased and took possession of the Vehicle on January 3, 2022. An accurate copy of the Promissory Note & Security Agreement ("Note") is attached hereto as Exhibit "A" and is incorporated herein by reference. Defendant, Upstart Network, Inc. ("Upstart"), is the assignee/creditor under the terms of the Note, and is noted as an alleged lienholder on the title to the Vehicle.

7. Defendant, Upstart, professes to have a secured claim in and to the Vehicle. Upstart attempted to perfect its security interest by having its professed lien noted on the title to the Vehicle on March 21, 2022 as the first lienholder. An accurate copy of the Electronic Title to the Vehicle, including the notation date of the professed lien, is attached hereto as Exhibit "B" and is incorporated herein by reference.

8. Plaintiff believes and therefore avers that Defendant, Upstart, attempted to perfect its security interest by causing its professed lien to be noted upon the title to the Vehicle more than thirty (30) days after the Debtors received possession of the Vehicle.

9. Upstart failed to properly and timely perfect its security interest by noting its lien upon the title to the Vehicle within thirty (30) days after the Debtors received possession of the Vehicle. *See* Ohio Revised Code § 4505.06(A)(5)(b); 11 U.S.C. § 547(c)(3)(B).

10. The professed security interest granted by the Debtor to Defendant, Upstart, which was noted as a lien on the title to the Vehicle, constitutes a transfer of an interest in property of the Debtor (the "Transfer"), to Defendant, Upstart, during the ninety (90) days immediately preceding the commencement of Debtor's Case.

11. Because Upstart failed to timely perfect its security interest in the Vehicle, the Transfer is deemed to have occurred immediately prior to the commencement of the Debtor's Case, or within the ninety (90) day preference period.

12. The Transfer was made to or for the benefit of the Defendant, Upstart, as a creditor, for or on account of an antecedent unsecured indebtedness, and made while the Debtor was insolvent.

13. The Transfer enabled the Defendant, Upstart, to receive more than it would otherwise receive in a case under chapter 7 of the Bankruptcy Code, had the Defendant, Upstart, received payment of its claim or debt to the extent provided by or under the distributive provisions of the Bankruptcy Code.

14. The Transfer made by the Debtor to the Defendant, Upstart, constitutes a preferential transfer which should be avoided and preserved for the benefit of the within bankruptcy estate pursuant to 11 U.S.C. §§ 544, 547 and 551.

15. Alternatively, or in addition to the request made in paragraph 14 herein, the Plaintiff is entitled to a monetary judgment against the Defendant, Upstart, in an amount equal to the value of the Vehicle as of the Petition Date, a sum not less than $23,500.00, or the proceeds of the sale of the Vehicle, pursuant to 11 U.S.C. § 550.

## COUNT II:
### To Avoid Lien on Vehicle as Unauthorized Post-Bankruptcy Transfer

16. Plaintiff incorporates herein by reference all of the averments contained in paragraphs 1 through 15 above as though fully rewritten herein.

17. The Transfer was not authorized under title 11 of the U.S. Code, including Sections 303(f) or 542(f) of the Bankruptcy Code, and was not authorized by this Court.

18. The Transfer made by the Debtor to the Defendant, Upstart, constitutes an unauthorized post-bankruptcy transfer which should be avoided and preserved for the benefit of the within bankruptcy estate pursuant to 11 U.S.C. §§ 544, 549 and 551.

19. Alternatively, or in addition to the request made in paragraph 18 herein, the Plaintiff

is entitled to a monetary judgment against the Defendant, Upstart, in an amount equal to the value of the Vehicle as of the Petition Date, a sum not less than $23,500.00, or the proceeds of the sale of the Vehicle, pursuant to 11 U.S.C. § 550.

### COUNT III:
### To Determine Validity, Priority and Amount of Liens and Claims

20. Plaintiff incorporates herein by reference all of the averments contained in paragraphs 1 through 19 above as though fully rewritten herein.

21. All of the Defendants named in the caption hereof may have or proclaim to have a lien, claim or other interest in and to the Vehicle or the proceeds of any sale thereof.

22. It is necessary to determine the rights and claims, if any, of all of the Defendants with respect to the Vehicle in order to fully and properly administer the Debtor's case under Title 11 of the Bankruptcy Code.

23. Each of the Defendants should be required to assert whatever interests they have, or may profess to have, in and to the Vehicle, or the proceeds thereof, by timely answering this complaint, or be forever barred from asserting any lien, claim or other interest in and to the Vehicle or the proceeds thereof.

WHEREFORE, Plaintiff, Kari B. Coniglio, Trustee, prays for judgment in her favor, as follows:

A. On Count I, avoiding the defective lien claimed by Defendant, Upstart Network, Inc., on the Vehicle, and preserving the lien for the benefit of the within estate pursuant to §§ 544, 547 and 551 of the Bankruptcy Code; or, alternatively, entering a monetary judgment in favor of the Plaintiff, against the Defendant, Upstart, in an amount equal to the value of the Vehicle as of the Petition Date, a sum not less than $23,500.00, or the proceeds of the sale of the Vehicle, pursuant to 11 U.S.C. § 550.

B. On Count II, avoiding the defective lien claimed by Defendant, Upstart Network, Inc., on the Vehicle, and preserving the lien for the benefit of the within estate pursuant to §§ 544, 549 and 551 of the Bankruptcy Code; or, alternatively, entering a monetary judgment in favor of the Plaintiff, against the Defendant, Upstart, in an amount equal to the value of the Vehicle as of the Petition Date, a sum not less than $23,500.00, or the proceeds of the sale of the Vehicle, pursuant to 11 U.S.C. § 550.

C. On Count III, that each of the Defendants named in the caption of this complaint, timely and by written Answer to the Complaint, assert whatever liens, claims or other interests he, she, or it may have or profess to have in and to the Vehicle described in the Complaint or the proceeds thereof. Further, at the time of trial, in the event that any of the Defendants file a timely Answer, the Plaintiff requests that this Court determine the validity, priority and amount of any such lien, claim or other interest of such Defendant and his/her entitlement, if any, to the proceeds of any sale thereof.

D. For such other and further relief as may be just and equitable in the premises.

Respectfully submitted,

/s/ Robert D. Barr
Robert D. Barr (#0067121)
KOEHLER FITZGERALD LLC
1111 Superior Avenue East, Suite 1360
Cleveland, Ohio 44114
Phone: (216) 744-2739
Fax: (216) 916-4369
Email: rbarr@koehler.law

Attorney for the Plaintiff,
Kari B. Coniglio, Trustee